PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of her vehicle striking a culvert while she was traveling on W. Va. Route 5/4 near Mannington, Marion County. W. Va. Route 5/4 is a road maintained by respondent in Marion County. The Court is of the opinion to make an award in this claim for the reasons more Hilly set forth below.
The incident giving rise to this claim occurred on May 9,2004, between 10:30 a.m. and 11:30 a.m. On the clear and sunny morning in question, claimant was traveling on W. Va. Route 5/4 in her 1994 Jeep Grand Cherokee. W.Va. Route 5/4 is a two-lane, dirt and gravel road that is just wide enough for two vehicles in opposite lanes to travel on at the same time. Ms. Mercer was traveling on W. Va. Route 5/4 to go to her sister’s *169 house on the morning of the incident. She saw her brother-in-law in his vehicle approaching her in the opposite lane so she drove to her right. She then heard a noise but was unsure what it was. Her brother-in-law drove alongside her vehicle to tell her that her tire had burst. Claimant drove her vehicle a little farther up the road, got out of her vehicle and discovered that she had damaged both of her vehicle’s tires on the passenger side. The tires were sliced by a culvert adjacent to the side of the road since the culvert had a piece of metal sticking up out of it. Claimant’s vehicle sustained damage to both passenger side tires totaling $160.55.
The position of the respondent was that it did not have notice of the damaged culvert on W. Va. Route 5/4. George Steorts, Highway Administrator for respondent in Marion County, testified that W.Va. Route 5/4 is a low priority road. The road receives maintenance when an employee of respondent notes a problem or when a citizen reports a problem. Mr. Steorts stated that respondent had no knowledge of a problem with this culvert before receiving a telephone call from claimant after her accident, though there were other telephone calls in regard to this road. He also stated that the problem with the culvert was fixed within the next day or so. Mr. Steorts stated that he believed that a snow plow had plowed into the culvert and tore the metal piece up. Respondent maintains that there was no prior notice to respondent of problems with the culvert on W. Va. Route 5/4.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent hable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Prittv. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, claimant established that respondent failed to take adequate measures to protect the safety of the traveling public on W. Va. Route 5/4 near Mannington in Marion County. While W. Va. Route 5/4 is a low priority, dirt and gravel road, respondent is aware that this is a road used by residents and others proceeding to and from the homes in the area. Respondent is also aware that this road is narrower than the average road, which requires drivers to drive onto the edges of the road when there is oncoming traffic. Due to the type of road that this was and the time of year in which the accident occurred, the Court is of the opinion that respondent was negligent in maintaining the culvert at the time of the incident and is thus liable for the damages which proximately flow from its inadequate protection of the traveling public in this specific location of W. Va. Route 5/4 near Mannington, Marion County, and further, that respondent is liable for the damages to claimant’s vehicle in this claim.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $ 160.55.
Award of $160.55.